United States District Court
Middle District of Georgia
Athens Division

| | |
|---|---|
| MICHAEL COLBERT, individually and on behalf of those similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO.: 3:23-CV-25 ) |
| ALM AUTOMOTIVE GROUP LLC, | ) ) ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Michael Colbert brings this Complaint on his own behalf, and on behalf of those others similarly situated to him, against ALM Automotive Group LLC ("ALM") for violation of the overtime and non-retaliation provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. In support of his Complaint, Plaintiff shows as follows:

**PARTIES**

1. Colbert is an individual who resides in Athens-Clarke County, Georgia.

2. At the times relevant to this action, Colbert was an employee of ALM within the meaning of §203(e) of the FLSA.

3. ALM is a Georgia Company with its principal office at 3740 Davinci Court, Suite 350, Norcross, Georgia.

4. At the times relevant to this action, ALM was Colbert's employer within the meaning of §203(d) of the FLSA.

**JURISDICTION AND VENUE**

5. This Court properly has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 inasmuch as Plaintiff is asserting a claim arising under federal law, specifically, the Fair Labor Standards Act.

6. This Court is a proper venue for Plaintiff's Complaint pursuant to 28 U.S.C. §1391 inasmuch as a substantial portion of the transactions and occurrences giving rise to this claim occurred within this judicial district, and because Defendant may be found in this district.

## FLSA COVERAGE

7. Defendant is an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d).

8. Defendant was an enterprise engaged in commerce or in the production of goods for commerce, inasmuch as Defendant had employees who handled, sold, or otherwise worked on goods or materials that have moved or been used in interstate commerce, and has annual gross volume of sales in excess of $500,000.00.

9. Plaintiff and those similarly situated are employees within the meaning of the FLSA, 29 U.S.C. §203(e)(1).

## FLSA COLLECTIVE ACTION FACTUAL ALLEGATIONS

10. Defendant maintained a policy, pattern, practice, or plan by which Colbert, and those employees similarly situated, were not paid one and one-half times their regular rates for hours in excess of 40 in single workweeks.

11. Upon Plaintiff's information and belief, this policy, pattern, practice or plan was not unique to Plaintiff, but affected others employed by Defendant in the same or similar positions.

12. Upon Plaintiff's information and belief, Plaintiff and other employees employed by Defendant in the same or similarly positions are similarly situated in that they were subjected to the same policy, pattern, practice or plan by which they were not paid one and one-half times their regular rates for hours in excess of 40 in single workweeks.

## FACTUAL ALLEGATIONS

13. Colbert worked for ALM as a Detailer at ALM's Athens, Georgia location.

14. For his work, ALM paid Colbert $14.00 per hour.

15. In one or more workweeks, Colbert worked in excess of 40 hours in a single workweek.

16. For example, for the pay period beginning July 16, 2022 and ending July 31, 2022, Colbert worked 152.5 hours.

17. For the same period, Colbert's gross earnings were $2,135.00.

18. This reflects only "straight time" pay.

19. As another example, for the pay period beginning August 16, 2022 and continuing through August 31, 2022, Colbert worked 142 hours.

20. For the same paycheck, Colbert's gross earnings were $1,988.00.

21. This reflects only "straight time" pay.

22. When Colbert received his first paychecks, he noticed that he was not paid overtime for hours worked in excess of forty in a single workweek.

23. Colbert's work as a detailer does not meet any applicable exemption from the overtime provisions of the FLSA.

24. Colbert discussed the absence of overtime pay with co-workers.

25. Colbert complained to ALM of its failure to pay overtime pay.

26. Shortly after Colbert made a complaint to ALM's human resources, he was terminated from his position as a Detailer.

## COUNT I: VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

27. Plaintiff, and those similarly situated, worked more than 40 hours in single workweeks.

28. Plaintiff, and those similarly situated, were not compensated at the rate of at least one and one-half times their regular rates for hours in excess of 40 in single workweeks.

29. Defendant violated the FLSA by failing to pay employees at least one and one-half times their regular hourly rates for hours in excess of 40 in a single workweek.

30. Defendant acted willfully in violating the FLSA with respect to Plaintiff and those similarly situated.

31. Plaintiff and those similarly situated have been harmed by Defendant's unlawful conduct.

### COUNT II: RETALIATION IN VIOLATION OF THE FLSA

32. Section 215(a)(3) makes it unlawful for a person (including an employer) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA.

33. Defendant terminated Plaintiff's employment because of his complaint to Defendant's human resources about its unlawful pay scheme.

34. Defendant's retaliation against Plaintiff has harmed Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE with respect to Count I, Plaintiff demands the following relief, on his own behalf and on behalf of those others similarly situated:

a. Unpaid overtime wages;

b. Liquidated damages;

c. The costs of this action;

d. Attorney's fees.

e. Such other relief as is necessary and proper in this matter.

With respect to Count II, Plaintiff demands the following relief:

a. Plaintiff's lost wages;

b. Liquidated damages;

c. Reinstatement to his position;

d. The costs of this action;

e. Attorney's fees;

f. Such other relief as is necessary and proper in this matter.

/s/ Jason R. Ramsland
Jason Ramsland, Georgia Bar #254606
Ramsland Law
880 Monon Green Blvd
Suite 101.51
Carmel, IN 46032
765.267.1240
jason@rams.land
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

/s/ Jason R. Ramsland
Jason R. Ramsland (#254606)
